UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID BURGHER,<br><br>        Plaintiff,<br><br>    v.<br><br>JON FRANKLIN, *et al*.,<br><br>        Defendants. | CASE NO. 2:24-cv-00403-RSL<br><br>ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT |

This matter comes before the Court on plaintiff's "Motion for Entry of Default Judgment" against defendant Jon Franklin. Plaintiff alleges that he was employed as a deckhand between June 12 and August 27, 2023, aboard the F/V Viking, a vessel owned or bareboat-chartered by Franklin. Plaintiff alleges that that he broke his right ankle in June 2023 and received a total of $12,000 for his service on the vessel. Plaintiff's injury allegedly limited his ability to continue serving on the vessel and resulted in lost wages, maintenance and cure expenses, and attorney's fees. Plaintiff also alleges that his demand for maintenance and cure was denied and that he is entitled to punitive damages for the willful and wanton failure to make such payment.

ORDER DIRECTING ENTRY OF DEFAULT
JUDGMENT - 1

1   The Clerk of Court entered a default against Franklin on September 20, 2024.
2   Plaintiff now seeks judgment against him. A court's decision to enter default judgment is
3   discretionary, but such judgments are ordinarily disfavored because "[c]ases should be
4   decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470,
5   1472 (9th Cir. 1986). *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir.
6   2016). A defendant's failure to appear and defend the claims against him are not without
7   risks, however: following the clerk's entry of default, the general rule is that "the factual
8   allegations of the complaint, except those relating to the amount of damages, will be taken
9   as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting
10  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Legal conclusions, claims
11  that are legally insufficient, facts that are not well-pled, and facts that are not contained in
12  the pleadings are not established by default. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847,
13  854 (9th Cir. 2007); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).
14  In addition, the Court must confirm that it has subject matter jurisdiction over the case and
15  personal jurisdiction over the parties. *GS Holistic, LLC v. Pudasaini*, No.
16  23CV00753AMOLJC, 2024 WL 710890, at *2 (N.D. Cal. Feb. 21, 2024) (citing *In re Tuli*,
17  172 F.3d 707, 712 (9th Cir. 1999)).

Having reviewed the record in this matter, including the declarations of plaintiff and his counsel, the Court finds as follows:

1. The Court has subject matter jurisdiction over this admiralty case and personal jurisdiction over defendant Jon Franklin.

2. Plaintiff is entitled to recover lost wages in the amount of $18,000 as of September 27, 2023.

3. Plaintiff is not entitled to an award of unpaid wages. A fair reading of the Complaint would not have alerted Franklin to the fact that plaintiff was alleging that he had not been paid for services actually rendered, as distinct from the wages lost due to injury. *See* Dkt. # 1 at ¶ 13 (alleging that his ankle injury "rendered him unable to engage in his normal and usual occupation for a period of time"). Nor is plaintiff entitled to an award of double damages under RCW 49.52.070. Plaintiff has not alleged facts giving rise to the plausible inference that Franklin received a rebate of wages or willfully deprived plaintiff of wages owed as specified in RCW 49.52.050(1) or (2). Plaintiff may not insert an entirely new claim or theory of liability in a motion for default judgment.

4. Plaintiff is entitled to cure in the amount of $2,170 as of August 4, 2023 and maintenance in the amount of $3,150 as of November 27, 2023.

5. Plaintiff offers no evidence, argument, or calculations showing an entitlement to general or punitive damages.

6. Plaintiff is entitled to pre-judgment interest at the rate of 4.39% from the date of loss to the date of judgment, for a total of $1,172. The Ninth Circuit applies the measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961 when fixing the rate for prejudgment interest in admiralty cases (unless the equities of a particular case demand a different rate). *See Columbia Brick Works, Inc. v. Royal Ins. Co. of Am.*, 768 F.2d 1066, 1071 (9th Cir. 1985). As of November 22, 2024, the rate equal to the coupon

yield of yesterday's auction of fifty-two week United States Treasury bills was 4.39%. *See*

https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_bill_rates&field_tdr_date_value_month=202411

6. Plaintiff is entitled to an award of attorney's fees in the amount of $6,950.

7. Plaintiff is entitled to post-judgment interest at the rate of 4.39% from the date of judgment until the debt is fully paid.

For all of the foregoing reasons, the Clerk of Court is directed to enter default judgment against defendant Jon Franklin and in favor of plaintiff in the amount of $30,270, with post-judgment interest accruing at the rate of 4.39% per annum.

Dated this 22nd day of November, 2024.

*signature*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF DEFAULT
JUDGMENT - 4